UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERESA ETTEL,

    Plaintiff,

    v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, *et al.*,

    Defendants.

Case No. C07-0906RSL

ORDER GRANTING MOTION
TO STAY AND REMOVING
CASE FROM ACTIVE CASELOAD

    This matter comes before the Court on plaintiff's motion to stay this case until after the Supreme Court rules in Glenn v. MetLife, 461 F.3d 660 (6th Cir. 2006), *cert. granted*, 128 S. Ct. 1117 (January 18, 2008). The Supreme Court heard oral argument in that case on April 23, 2008.

    This case is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101, *et seq.* Plaintiff was a participant in a long-term disability plan issued to her employer, defendant Costco Wholesale Corporation, by UNUM Life Insurance Company of America ("UNUM"). Plaintiff applied for, but was denied, long-term disability benefits based on her chronic back pain. The parties agree that the relevant plan grants UNUM discretion to resolve claims, and that UNUM has a structural conflict of interest because it is both the payer and the claims reviewer. In addition, there is a Ninth Circuit case on point that

ORDER GRANTING MOTION TO STAY AND
REMOVING CASE FROM ACTIVE CASELOAD - 1

sets forth the standard of review applicable in a case like this. <u>Abatie v. Alta Health & Life Ins. Co.</u>, 458 F.3d 955 (9th Cir. 2006).

The Court has authority to stay the case as part of its inherent authority to control its docket. <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254 (1936). A court may stay proceedings "pending resolution of independent proceedings which bear upon the case." <u>Leyva v. Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir. 1997); <u>see also</u> <u>Dependable Highway Express, Inc. v. Navigators Ins. Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007). Certainly, the <u>Glenn</u> decision will bear upon this case. The Supreme Court will decide two issues, both of which are important to resolving this case: (1) whether the fact that a claim administrator of an ERISA plan that also funds the plan benefits, without more, constitutes a 'conflict of interest' that must be weighed in a judicial review of the administrator's benefit determination, and (2) if an administrator that both determines and pays claims under an ERISA plan is deemed to be operating under a conflict of interest, how should that conflict be taken into account on judicial review of a discretionary benefit determination? <u>MetLife v. Glenn</u>, 128 S. Ct. 1117 (2008). Defendants cannot argue that guidance from the Supreme Court is unnecessary or unimportant. Resolution of the issues in <u>Glenn</u> will determine the standard of review the Court will use to review UNUM's decision. Moreover, the Supreme Court has already heard oral argument in <u>Glenn</u> and is nearing the end of its term, so the delay in awaiting the Supreme Court's ruling is not likely to be protracted. Finally, once the case is stayed, the parties will not incur additional expenses litigating the case. In contrast, if the Court decides the issue now in a manner that conflicts with the Supreme Court's ruling, both parties will be forced to incur significant additional and needless expenses. Defendants have not shown that they will suffer any damage as a result of a stay.

For all of the foregoing reasons, plaintiff's motion to stay the case (Dkt. #18) is GRANTED. The case shall be stayed until after the Supreme Court rules in the case of <u>Glenn v. Metlife</u>, 461 F.3d 660 (6th Cir. 2006), *cert. granted*, 128 S. Ct. 117 (January 18, 2008).

ORDER GRANTING MOTION TO STAY AND
REMOVING CASE FROM ACTIVE CASELOAD - 2

1   It is hereby ORDERED that this action is stayed and shall be removed from the Court's
2   active caseload until further application by the parties or order of this Court.  The parties shall,
3   within fifteen days of the Supreme Court's ruling in <u>Glenn</u>, submit a joint report in this case
4   notifying the Court of the outcome of that case and requesting that the case be reopened.  At that
5   time, UNUM may also file a notice re-noting its pending dispositive motion on the Court's
6   motions calendar, or it may re-file that motion if it wishes to do so in light of the <u>Glenn</u> holding.

8   DATED this 11th day of June, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO STAY AND
REMOVING CASE FROM ACTIVE CASELOAD - 3